**HOLLIDAY, Admr., Plaintiff-Appellant, v. JONES, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21061.   Decided December 6, 1948.

**168**

Howell, Roberts & Duncan, Cleveland, for plaintiff-appellant.
McKeehan, Merrick, Arter & Stewart, Cleveland, for defendant-appellee.

(NICHOLS, J, of the 7th District sitting by designation in the 8th District in place of MORGAN, J.)

## OPINION

By NICHOLS, J.

Arthur W. Holliday during his lifetime, brought this action for personal injuries against the defendant, the action being revived in the name of his Administratrix after Mr. Holliday's death. The case was submitted to a jury in the Common Pleas Court and a general verdict returned in favor of the defendant, upon which verdict a judgment was rendered for the defendant. Appeal on questions of law has been duly prosecuted to this court.

In plaintiff's petition it is alleged that Carnegle Avenue in the city of Cleveland is a main thoroughfare extending in a general easterly and westerly direction, and that East 105th Street is a main thoroughfare extending in a general northerly and southerly direction and that these streets intersect each other at right angles; that at such intersection the city of Cleveland maintains a traffic control signal which displays colored lights controlling the flow of traffic upon and through the intersecting streets; that such control signal is so designed that a green, or 'go' signal light is exhibited for traffic moving in an easterly and westerly direction on Carnegie Avenue, and the red, or 'stop' signal is exhibited for traffic moving in a northerly and southerly direction on East 105 Street.

Plaintiff further alleges that at all times mentioned in the petition there were in full force and effect the following ordinances of the city of Cleveland, governing the operation of motor vehicles on the streets of the city and applicable to the intersections above described, as follows:

"Section 2404-12: Change of Course: (a) No person shall turn a vehicle or trackless trolley from a direct course upon the street unless and until such person shall have exercised due care to ascertain that such movement can be made with reasonable safety to other users of the street and then only after giving a clearly audible signal by sounding the horn if any pedestrian may be affected by such movement or after giving an appropriate signal in the event any traffic may be affected by such movement. (b) A signal of intention to turn right or left shall be given in sufficient time in advance of the movement indicated to give ample warning to other users of the street who would be affected by such movement."

"Section 2410-5. Left Turns Prohibited at all Times at Designated Intersections: When signs have been erected giving notice thereof, no driver of any vehicle shall make a left turn at the following intersections:

Carnegie Avenue and East 105 Street, east and west bound.

"Section 2417-1. Pedestrian's Right of Way at Cross-walks: (a) It shall be the duty of the operator of any vehicle street car, or trackless trolley, to yield the right of way to a pedestrian lawfully crossing the roadway within any crosswalk."

Plaintiff further alleges that on the 2nd day of March, 1945, at about 8:40 P. M., he was in the act of crossing East 105 Street from the northeasterly corner of its intersection with Carnegie Avenue in Cleveland to the northwesterly corner of the intersection and that he was walking westerly on the crosswalk provided for pedestrian traffic crossing East 105 Street on the north side of Carnegie Avenue while the traffic light at that intersection was green, or 'go' for pedestrian traffic; that at that time and place the defendant was operating an automobile in an easterly direction on Carnegie Avenue and as plaintiff was in the act of proceeding across the described cross-walk, defendant negligently and carelessly and without warning made a left-hand turn from Carnegie Avenue in a northerly direction on East 105 Street colliding with the plaintiff and severely and permanently injuring him in the particulars set forth in the petition.

Plaintiff further alleges that at the said intersection and at that time the city had provided and maintained legible

lights visible to the drivers of vehicles approaching the intersection, notifying the drivers of such vehicles that no left hand turn was permitted at that intersection.

The petition then sets forth eight particular grounds of negligence:—In failing to observe the requirements of the ordinances of the city of Cleveland and particularly in making a left hand turn northerly into East 105 Street from Carnegie Avenue; in failing to observe and abide by the signs erected by the city at that intersection, prohibiting the making of a left hand turn; in turning his automobile from its easterly course on Carnegie Avenue into East 105 Street without first ascertaining that such movement could be made with reasonable safety to plaintiff who was in the act of crossing East 105 Street on the crosswalk with the green light; in failing to sound his horn or in any other way seasonably warn the plaintiff of the approach of defendant's automobile; in failing to yield the right of way to plaintiff as a pedestrian crossing said cross-walk with the green light; in failing to apply the brakes of his automobile, stop or otherwise control said automobile in such manner as to have avoided colliding with plaintiff, and in driving his automobile at a rate of speed which did not permit him to bring same to a stop within the assured clear distance ahead.

For his answer the defendant admits the allegations of the petition as to the intersection of Carnegie Avenue with East 105 Street and that a traffic control signal was erected in the center of the intersection directing traffic; that defendant was operating his automobile at the time alleged and that the same came into collision with plaintiff to the north of the intersection on East 105 Street while plaintiff was in the street, but denies that the accident occurred in the manner set forth in plaintiff's petition and denies that plaintiff was injured in the manner and to the extent claimed.

The answer generally denied each and every other statement in the petition not admitted to be true and further alleged that the accident was occasioned by reason of the negligence on the part of plaintiff proximately operating in that he was crossing East 105 Street between intersections and north of the north cross-walk at Carnegie Avenue; that he knew or in the exercise of ordinary care should have known that vehicles would proceed north from Carnegie Avenue upon an east and west green traffic light signal, and that plaintiff failed to observe the surrounding facts, conditions and dangers which were obvious.

During the pendency of the action and while Mr. Holliday was living defendant's counsel took Mr. Holliday's depositions.

upon cross-examination. During the course of taking said depositions, plaintiff's counsel examined Mr. Holliday as upon direct examination. As stated above, Mr. Holliday thereafter died, and the action was revived in the name of his administratrix. Upon trial, plaintiff offered the deposition in evidence. The trial court refused to permit plaintiff to read the whole deposition, but held that plaintiff might read the direct examination of Mr. Holliday but not the cross-examination. The plaintiff refused to read a part only of the depositions and took exception to the ruling of the trial court. An examination of this deposition discloses that upon cross-examination of Mr. Holliday, counsel for defendant covered every phase of the case; how the accident happened, and the nature and extent of the injuries. The direct examination was very short and did not completely and in detail cover matters proper to be submitted upon the trial.

The deposition was taken before a proper officer after due notice and there are no basic objections thereto. The deposition was duly filed. The plaintiff appeared as he was required and had the right to do, and there was no objection at the time to the examination in chief by plaintiff. The taking and use to be made of depositions is controlled by statute. **Gorman v. Electric Company, 144 Oh St 593.**

The deposition was taken in the personal injury case theretofore instituted by Mr. Holliday, which the supreme court has held is the same action and between the same parties when revived, as was done in this case. Gorman v. Electric Company, supra.

**Sec. 11525 GC** provides that the deposition of a witness may be used when it is made to appear to the satisfaction of the court "that he is dead."

**Sec. 11540 GC,** provides that the deposition may be read at any stage of the action or proceeding upon the same matter between the same parties.

As stated above, the action was revived upon the same matter and between the same parties:

**Sec. 11495 GC paragraph 7,** provides:

"If, after testifying orally the party dies, the evidence may be proved by either party on a further trial in the case."

**Sec. 11495 GC, paragraph 8** provides:

"If a party dies and his deposition be offered in evidence, the opposite party may testify as to all competent matters therein."

The last two paragraphs construed together, evidence the intention of the legislature that the entire deposition and not merely a part thereof may be admitted in evidence.

Sec. 11521 GC provides that the testimony of a witness may be taken by deposition. **Goering v. Dillar, 145 Oh St 41.**

Sec. 11540-1 GC has no application in this case because the deposition was not taken by the plaintiff. Gorman v. Elec. Co. supra.

The question of the use of depositions as evidence, is fully covered in **14 O. Jur., Sections 67, 68, 69 and 70, at pages 63, 64, 65.** Section 67 reads as follows:—

"Depositions taken by either party and filed, though not read by the party taking them, may be read by the other party if they contain evidence competent for him to introduce and it is not essential in order to confer such right on the adverse party that he shall have cross-examined the witness."

In Section 68 we find:

"The party taking and filing a deposition is not bound to read the whole thereof upon trial; but upon his declining to read the whole, the adverse party may read any portion of the remainder that is competent evidence under the pleadings in the usual order of procedure."

The text refers to many decisions to which reference may be had without citing them here.

It is the holding of this court that the entire deposition was admissible in evidence when offered by plaintiff and that the trial court erred to the prejudice of plaintiff in refusing to permit plaintiff to read the whole of it.

The evidence contained in this deposition went not only to the question of negligence of defendant, but also to the question of contributory negligence of plaintiff and the extent of plaintiff's injuries. The two-issue rule will therefore not operate in this case.

In reviewing this case we have carefully read the evidence contained in the bill of exceptions. In passing upon the motion of plaintiff for a new trial, the trial court indicated that he was overruling the motion upon the theory that there was no evidence of compensable injury to plaintiff. If it be held that the verdict of the jury was based upon the proposition that there was no such evidence of compensable injury to plaintiff, then this court must and does reverse the judgment of the jury as being manifestly against the weight of the evidence.

Without reciting herein the evidence as to plaintiff's injuries,

even though no consideration be given to the testimony of plaintiff in the deposition above referred to, we find substantial evidence of injuries resulting to plaintiff from being struck by the automobile of defendant at the time and place alleged. True plaintiff had theretofore suffered from an apparently incurable cancer, and subsequentlly died as a result of that cancer or as a result of the cancer aggravated by the injuries received in this accident. But the evidence indicates that previous to the accident, plaintiff had been operated on for a cancerous condition and that the wound had completely healed; that after the accident the wound was opened, was bleeding and plaintiff suffered not only pain occasioned by the accident but thereafter was required to use special equipment in order that he might be seated even at his work.

There can be no question in this case but that the evidence clearly demonstrates that there were compensable damages suffered by reason of plaintiff being struck by defendant's automobile. This, of course, is aside from the question of negligence or contributory negligence in the case.

The case must be reversed and remanded for a new trial and for that reason we observe that in the charge of the court to the jury the court did not clearly indicate which portion of the ordinances of the city which were claimed to have been violated by defendant, set forth specific requirements of law and other portions of which simply provided rules of conduct. If a retrial of the case be had the court should clearly indicate to the jury which portion of the ordinances constituting specific requirements of law, the failure to observe which would be negligence per se, and should distinguish other portions of the ordinances, the violation of which would constitute failure to exercise due care.

We note also in the charge of the court at one point therein, that the court told the jury that unless the plaintiff proved both negligence as a matter of law and ordinary negligence on the part of defendant, plaintiff could not recover. Of course this was clearly error but at another point in the charge the court did say to the jury that the plaintiff could recover upon establishing either negligence as a matter of law or common law negligence of the defendant which was the proximate cause of plaintiff's injuries.

For the error in refusing to admit the entire deposition above referred to, and because the verdict of the jury is against the manifest weight of the evidence, the judgment of the trial court is reversed and the cause remanded for further proceedings according to law. Exc. Order See Journal.

HURD, PJ, SKEEL, J, concur.